IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD R. HIGH, II**                                                                   **PLAINTIFF**

**v.**                                                        **CIVIL NO. 1:25-cv-00038-HSO-BWR**

**JEREMY SKIPPER, et al.**                                                           **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On February 11, 2025, pro se Plaintiff Donald R. High, II, filed this Complaint under 42 U.S.C. § 1983, naming Major Jeremy Skipper and Sheriff John Ledbetter as Defendants. Compl. [1] at 2-3. At the time, Plaintiff was housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi, *id.* at 2, and the events giving rise to this lawsuit occurred there, *id.* at 4. Plaintiff complains about the conditions of his confinement, including "mold and parasites" in the showers, and unspecified "laundry issues." *Id.* at 7. With his Complaint, Plaintiff filed a Motion [2] for Leave to Proceed *in forma pauperis*.

In the course of screening this case under 28 U.S.C. § 1915, on February 24, 2025, the Court sent Plaintiff a packet of forms to explain information that "may affect [his] decision to proceed with this action." Order [3] at 1. Plaintiff was ordered "that if he . . . wants to continue with this case," to "sign the

Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was also ordered "that if he . . . wants to dismiss this case," to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, [and] without further written notice." *Id*. at 2 (emphasis omitted). That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable. Plaintiff did not comply with the Court's Order [3] within thirty days.

On April 3, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with its previous Order [3]. Order [4] at 2. Plaintiff's responsive deadline was extended to April 17, 2025, and he was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . may lead to dismissal of Plaintiff's Complaint without further notice to him." *Id*. The Order to Show Cause [4] and the Court's February 24 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were returned to the Court as undeliverable in an envelope marked, "no longer at this facility." Envelope [6] at 1. Plaintiff did not comply with the Court's Orders [4] [3] by the April 17 deadline.

On April 25, 2025, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for

failure to comply with the Court's Orders [4] [3]." Order [5] at 2. Plaintiff was directed to file a written response to that effect on or before May 9, 2025, *id.*, and, also on or before the May 9 deadline, to comply with the Court's February 24 Order [3] by following "the instructions outlined therein," *id.* Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will lead*** to dismissal of Plaintiff's Complaint without further notice to him." *Id.* at 2-3 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [4] [3]." *Id.* at 3. The Second and Final Order to Show Cause [5], a copy of the Order to Show Cause [4], and a copy of the Court's February 24 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable.

To date, Plaintiff has not responded to the Court's February 24, April 4, or April 25 Orders [3], [4], [5], nor has he otherwise contacted the Court about his case since the day he filed his Complaint. *See* Compl. [1]; Mot. [2]. Plaintiff has not notified the Court of his current address, nor has the Court been able to locate his current address despite independent research.

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have

remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g., Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has yet to progress past its initial stages due to Plaintiff's failure to comply with the Court's Orders. Specifically, Plaintiff did not comply with three Court Orders [3], [4], [5], after being warned four times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [5] at 2-3; Order to Show Cause [4] at 2; Order [3] at 2; Notice of Assignment [1-2] at 1. Despite these warnings, Plaintiff has taken no action in this case for more than three months and has failed to advise the Court of his current address. Such inaction represents a clear record of delay, contumacious conduct, and lack of interest by Plaintiff. It is apparent that he no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's

undoubted right to control its docket"). Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 22nd day of May, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE